Hand-Delivered

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**KB HOLDINGS LLC,**

CASE NO: 3:24-CV-912 - FDW

      **Plaintiff,**

**vs.**

**JURY TRIAL DEMANDED**

**KPLUXURY LLC, SHERIFF OF
MECKLENBURG COUNTY, CLERK OF
SUPERIOR COURT FOR MECKLENBURG,
COUNTY,**

      **Defendants.**

---

### COMPLAINT FOR IMMEDIATE INJUNCTIVE RELIFE, COMPENSATORY AND PUNITIVE DAMAGES

---

COMES NOW, Plaintiff KB Holdings LLC, and files this Complaint for Immediate Injunctive Relief, and Compensatory and Punitive Damages. This lawsuit arises out of the unlawful, unconstitutional, intentional, and oppressive conduct of the Defendants with relation to the unconstitutional taking of Plaintiff's property.

The acts of the Defendants are violating the Plaintiff's constitutional rights under the Fifth, and Fourteenth amendment of the United States Constitution. U.S. courts have continually held that a party's right to due process and to be heard in a case are among the oldest of the judicially recognized fundamental liberty interests protected by the Due Process Clause of the federal constitution. The concerted acts of the Defendants, set forth below, have violated that right.

1

## PARTIES

1. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

2. Plaintiff KB Holdings LLC is a company organized and existing in North Carolina.

3. On information and belief, Defendant KPLuxury LLC, is a company organized and existing in North Carolina.

4. Defendant Sheriff of Mecklenburg County ("Sheriff") is the elected Sheriff of Mecklenburg County, North Carolina. The Sheriff is sued in his official capacity.

5. Defendant Mecklenburg County Clerk of Superior Court ("Clerk") is the elected Mecklenburg County Clerk of Superior Court. Clerk is sued in her official capacity.

## JURISDICTION

6. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343.

8. In addition, 42 U.S.C. § 1983 confers jurisdiction to federal courts over state actors who violate a party's constitutional rights.

9. Plaintiff alleges below that Defendants, while acting under color of state law, violated the Plaintiff's rights under the United States Constitution. Specifically, the Defendants deprived the Plaintiff of property without due process of law in violation of the Fifth and Fourteenth Amendments.

10. Subject matter jurisdiction is conferred by 42 U.S.C. § 1983, § 1985, and § 1986. Pendant or supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

2

## FACTS

11.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

12.     Plaintiff is a developer of property in the Charlotte, North Carolina area.

13.     KPLuxury LLC's invested $300,00.00 in a development project owned by KB Holdings LLC. The investment was memorialized in an agreement titled "Letter of Intent" and contemplated KPLuxury's investment in property located at 211 Walnut Street, Charlotte, North Carolina.

14.     The Letter of Intent expressed KPLuxury's intent to fund a portion of the property's development and attempted to set forth terms of "a purchase contract to be entered into concerning the property." The Letter of Intent noted that the investment was to "be secured by either joint-tenancy on title, or a deed of trust."

15.     On June 27, 2023, prior to completion of the project, KPLuxury filed suit against KB Holdings in Mecklenburg County Superior Court.

16.     KPLuxury's complaint stated claims for breach of contract, fraud, unjust enrichment, constructive trust, resulting trust, quiet title under N.C.G.S. § 41-10, judicial foreclosure, and negligent misrepresentation.

17.     On July 23, 2023, Counsel for KB Holdings appeared in the Mecklenburg County case. Counsel filed for and obtained an extension to answer or otherwise plead by August 28, 2023.

18.     On August 28, 2023, Counsel for KB Holdings served its Answer and Counterclaim, along with a Third-Party Complaint (the "Answer"), on counsel for KPLuxury by placing the documents in the U.S. mail.

3

19.     Also on August, 28, 2023, Counsel for Holdings mailed the pleading to the Clerk of the Superior Court for filing.

20.     On August 31, 2023, the Clerk of Court docketed the Answer in the court's file.

21.     Counsel for KPLuxury maintains that he did not receive the Answer so, on September 6, 2023, he filed a Motion for Entry of Default.

22.     The Clerk signed and filed an entry of default that indicated KB Holdings had failed to plead in response to the complaint.

23.     The Clerk did not have jurisdiction to enter default against KB Holdings because it filed an answer. *Peebles v. Moore*, 302 N.C. 351 (1981) (under Rule 55, a clerk lacks the authority to make an entry of default after an answer has been).

24.     After obtaining the Entry of Default Counsel for KPLuxury filed a motion for default judgment, which was to be heard on November 30, 2023, before Superior Court Judge Daniel Kuehnert.

25.     KPLuxury did not serve KB Holdings' counsel with the Motion for Default Judgment or the Notice of Hearing.

26.     On November 30, 2023, Judge Kuehnert signed an order granting judgment in favor of KPLuxury (the "Judgment"). (See Judgment attached as Exhibit A.)

27.     The Judgment awarded multiple and conflicting remedies, including: a monetary judgment of $300,000.00, punitive damages in the amount of $250,000.00, attorney fees of $45,000.00[1] (15% of the principal balance owing), a one-half interest in 211 Walnut Street via quiet title under N.C.G.S. § 41-10, and a constructive and resulting trust over the 211 Walnut Street property.

---

[1] The award of attorney fees had no contractual or legal basis. KB Holdings have been unable to appeal this issue or address it with the judge who entered the Judgment.

28.     Judge Kuehnert's order did not dispose of the pending counterclaims or the Third-Party Complaint and did not contain the certification language to allow immediate appeal, as provided by Rule 54(b) of the North Carolina Rules of Civil Procedure.

29.     On December 4, 2023, the request of KPLuxury the Clerk of Court docketed the Judgment and indexed it on the Clerk's judgment index.

30.     The Register of Deeds for Mecklenburg County reflects the presence of the quiet title Judgment, including KPLuxury's interest in the 211 Walnut Street property as joint tenant, as well as the existence of the trusts.

31.     Counsel for KPLuxury did not send a copy of the Judgment to counsel for KB Holdings, which discovered the order when the attorney for a purchaser of its property performed a title search of KB Holdings' property.

32.     KB Holdings filed a motion to set aside the Judgment based on the fact that KB Holdings could not be in default because it served and filed its Answer in a timely fashion under Rule 5, N.C. Gen. Stat. § 1A-1. The motion was denied.

33.     Although KB Holdings initially appealed from this denial, it became apparent that this appeal was premature because the Judge Kuehnert's Order was not a final judgment, did not contain the certification language found in Rule 54(b), and did not affect a substantial right. As a result, KB Holdings withdrew the appeal and decided to proceed with a Rule 54(b) motion as instructed by *Doe v. City of Charlotte*, 273 N.C. App. 10, 848 S.E.2d 1 (2020).

34.     Thereafter, on March 19, 2024, KB Holdings filed a Motion to Revise Judge Kuehnert's Order pursuant to Rule 54(b) and attempted to schedule a hearing on that Motion before Judge Kuehnert. As required by court procedure, counsel contacted Julie Mulhall, Court Coordinator for Mecklenburg County, to request that a hearing on the Motion be set before Judge

Kuehnert. Ms. Mulhall replied to counsel for KB Holdings that Judge Kuehnert informed her "he will not hear anything further in this case." (See Email from Julie Mulhall, dated July 15, 2024, attached as Exhibit B.)

35.     The Rule 54(b) Motion was based on the ground that both the Entry and Judgment are void because the Answer was filed prior to KPLuxury obtaining an entry of default. On September 9, 2024, a hearing on the Motion was held before the Honorable Matthew Osman, who stated his reservations with regards to overruling or revising Judge Kuehnert's Order. Judge Osman denied the Motion.

36.     KB Holdings has written to the Clerk of Court explaining that indexing an interlocutory judgment is erroneous and requesting the removal of the Judgment from the Clerk's index. (See correspondence with the Clerk of Court, attached as Exhibit C.) The Clerk has refused to honor this request.

37.     The Clerk of Superior Court for Mecklenburg County and several Superior Court judges have refused to stay the execution or otherwise remedy the errors related to the Judgment.

38.     KB Holdings filed a Motion to Stay Execution of Judgment on July 10, 2024. The Motion to Stay has been denied.

39.     While the Motion to Stay was pending, the Clerk executed a Writ of Execution on August 5, 2024.

40.     On September 13, 2024, KB Holdings filed a Petition for Writ of Mandamus and for a Writ of Certiorari, seeking to have this Court correct the errors resulting in the judgment below and the docketing and indexing of the interlocutory judgment by the Clerk of Court. That Petition is pending.

41.     On September 18, 2024, KB Holdings filed a Petition for Writ of Supersedeas and Motion to Stay the execution of the Judgment in the North Carolina Court of Appeals. The Court of Appeals denied the Motion to Stay on September 20, 2024.

42.     On September 27, 2024, the Mecklenburg County Sheriff posted Notices of Levy and Sale on two properties owned by KB Holdings LLC. (See Notices of Levy and Sale attached as Exhibit D.)

43.     The Notices of Levy and Sale create an imminent threat to KB Holdings' property, which cannot be undone if not stopped. Specifically, KB Holdings' real property is subject to sale by the Sheriff of Mecklenburg County on October 21, 2024.

44.     KB Holdings will suffer irreparable harm if its property is sold.

45.     Execution of the monetary judgment is barred by the election of remedies doctrine because the Judgment granted KPLuxury a one-half interest in, and constructive and resulting trusts over, the 211 Walnut property, in addition to the monetary judgment.

46.     At the time of the issuance of the Judgment, the inclusion of the property interest and the monetary award in the Judgment created a potential for double recovery for the same wrong, depending on which remedy KPLuxury chose to elect.

47.     If KPLuxury has suffered a loss, a fact that KB Holdings seeks to litigate in the court below, it suffered a single loss related to its investment in the 211 Walnut Street property.

48.     As contemplated by the Letter of Intent, after its loss KPLuxury could have been made whole by either recovering monetary damages or by obtaining an interest in the 211 Walnut property. As noted above, the Judgment awarded both remedies, giving KPLuxury the option to elect a remedy to pursue.

49. Under North Carolina law, a party claiming that they were fraudulently induced to enter into a contract has a choice of remedies. *Medport, Inc. v. Smith*, 265 N.C. App. 601, 827 S.E.2d 344 (2019). The defrauded party may be entitled to the equitable or legal remedies but cannot obtain equitable relief and maintain an action for fraud. *Medport* (aggrieved party entitled to either equitable rescission or monetary damages for fraud, but not both).

50. KPLuxury's filing of the Judgment with the Register of Deeds perfected its interest in the property obtained through the quiet title action. *See* N.C.G.S. § 41-10 (judgment filed under this section is equivalent of an estate or interest in real estate). Upon the filing of the Judgment, KPLuxury became the one-half owner of a parcel of real property currently valued at $1,253,200.00.

51. By choosing to file and perfect its interest in the real property KPLuxury chose to forgo the collection of the money judgment and any amounts owed to it under the Judgment. *See Okafor v. Okafor*, 235 N.C. App. 424, 763 S.E.2d 927 (2014) (election of remedies doctrine barred quiet title action after party accepted monetary damages as their remedy).

52. Allowing KPLuxury to collect on the monetary judgment would constitute an impermissible double recovery because the remedies granted serve the same interests and are based on the same conduct. *See United Labs, Inc. v. Kuykendall*, 335 N.C. 183, 193, 437 S.E.2d 374, 380 (1993).

## <u>COUNT I – IMMEDIATE INJUNCTIVE RELIEF</u>

53. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

54. Requests for injunctive relief issued by a federal court with regard to a state court proceeding are governed by 28 U.S.C. § 2283, which states as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

55.     When the requirements of 28 U.S.C. § 2283 are met, a federal court is affirmatively authorized to enjoin a state proceeding pursuant to the All-Writs Act found at 28 U.S.C. § 1651(a), which provides that the federal courts "may issue all writs necessary or appropriate in aide of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

56.     The U.S. Supreme Court held, in *Mitchum v. Foster,* that 42 U.S.C. 1983 expressly authorizes federal injunctions against state suits.  42 U.S.C. § 1983; *Mitchum v. Foster*, 407 U.S. 225, 237 (1972).

57.     In *Mitchum*, our Supreme Court opined that the very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights – to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial'". *Id*. at 242.

58.     Here, Plaintiff has had its Fifth and Fourteenth Amendment rights violated by the entry of a default and Judgment by a Clerk and court that lacked jurisdiction.

59.     The Judgment is void as a matter of law.

60.     The Defendants have violated Plaintiff's constitutional right to due process and an immediate injunction should be issued to stay any state court proceedings or enforcement that would further the violation of Plaintiff's rights and its loss of property without due process.

61.     KB Holdings is entitled to injunctive relief to prevent Defendant Sheriff from levying and selling its property.

62. The sale of KB Holdings under a void judgment, which was entered in violation of Plaintiff's constitutional rights, is improper and should be stopped.

63. Failure to issue an injunction against the sale of Plaintiff's property will result in great, immediate, and irreparable harm to Plaintiff's constitutional rights.

## COUNT II – VIOLATIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS

64. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

65. Plaintiff has a constitutionally protected interest in its property.

66. Plaintiff has been deprived of its property interest by the Defendants, as stated herein.

67. Defendants have not afforded Plaintiff adequate procedural rights or notice prior to depriving it of its property interests.

68. The lower court's refusal to hear a motion prevents Plaintiff from pursuing the rights guaranteed by law.

69. Plaintiff has the right to be heard on its motions and future appeals prior to the deprivation of its property.

70. Plaintiff brings this action seeking relief against parties who deprived it of its constitutional rights while acting under the color of state law. Such actions are allowed by 42 U.S.C. § 1983, which states in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

## A. VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

71.     The Fifth Amendment to the U.S. Constitution states as follows:

No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same office to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use, without just compensation.

72.     Under the Due Process Clause, individuals and companies have the right to notice and a meaningful opportunity to be heard in a fair and impartial proceeding before being deprived of life, liberty, or property, and to give notice of what a statute requires. This right includes the ability to present evidence, call witnesses, cross-examine adverse witnesses, and make legal arguments.

73.     The Defendants' actions, including the improper entry of default, refusal to correct the errors related to default, improper docketing and indexing of an interlocutory judgment, levying and threating to sell property in violation of the election of remedies doctrine, and other acts complained of herein, adoption, were done under the color of state law.

74.     Defendants' actions deprived Plaintiff of its constitutional rights, in violation of Plaintiff's rights under the Fifth Amendment, by denying Plaintiff its due process rights without due process of law and without affording Plaintiff a proper procedure to protect its constitutionally protected property.

75.     The U.S. Supreme Court held, in *Dennis v. Sparks*, that although a judge had absolute immunity from a § 1983 suit, other participants in a conspiracy to deprive a defendant of his constitutional rights were subject to liability under § 1983. *Dennis v. Sparks*, 449 U.S. 24 (1980).

76.     Here, like the private defendants in *Dennis v. Sparks*, KPLuxury conspired to deprive Plaintiff of its constitutional due process rights by obtaining and enforcing an order it knows is void, placing a judgment lien on property despite it not being a final judgment, and levying the property in contravention to the election of remedies doctrine.

77.     Defendants are depriving Plaintiff of what its property through the enforcement of and by threatening to enforce a void and illegal court order and judgment.

78.     Defendants did conspire to violate Plaintiff's constitutional rights when these parties knew or should have known that the Judgment was invalid and void because the Clerk and court lacked jurisdiction to enter default or the Judgment.

79.     As a result of Defendants' actions, Plaintiff has suffered damages.

80.     Plaintiff is informed and does believe that it is entitled to judgment as a matter of law against Defendants for Defendants' violations of the Fifth Amendment, in an amount to be determined by a jury but not less than $10,000,000.00.

### B.  VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

81.     Plaintiff seeks a judgment against all Defendants, acting under color of law, for violations of the Fourteenth Amendment by denying Plaintiff's procedural and substantive due process, and equal protection of the laws.

82.     The Fourteenth Amendment to the U.S. Constitution states as follows:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

83.     The Defendants violated the Fourteenth Amendment as set forth above.

84.     The actions of the Defendants, as set out above, violated Plaintiff's rights under the Fifth and Fourteenth Amendments by depriving Plaintiff of its property without due process of law.

85.     Although a private citizen, KPLuxury operated under the color of state law when it conspired with state actors to deprive Plaintiff of its constitutional rights.

86.     The U.S. Supreme Court held, in *Dennis v. Sparks*, that although a judge had absolute immunity from a § 1983 suit, other participants in a conspiracy to deprive a defendant of his constitutional rights were subject to liability under § 1983. *Dennis v. Sparks*, 449 U.S. 24 (1980).

87.     Here, similar to the private defendants in *Dennis v. Sparks*, KPLuxury conspired with the other Defendants to deprive Plaintiff of its constitutional due process rights.

88.     KPLuxury is relying on judicial and police power to attempt to sell Plaintiff's property.

89.     Defendants did conspire to violate Plaintiffs' constitutional rights when these parties knew or should have known that Plaintiff's rights would be violated if the void Judgment were enforced.

90.     As a result of Defendants' actions, Plaintiffs have suffered damages.

91.     Plaintiffs are informed and do believe they are entitled to judgment as a matter of law against Defendants for Defendants' violations of the Fourteenth Amendment, in an amount to be determined by a jury but not less than $10,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Court issue an immediate injunction to stop the Sale scheduled for October 21, 2024, to prevent further violation of its constitutional rights. Further, Plaintiff respectfully requests that this Honorable Court set a hearing for their request for injunction at the earliest date practicable. In consideration of the evidence to be presented to a jury at trial, Plaintiff prays for judgment as follows:

1.     That the Defendants have violated the Plaintiff's rights under 42 U.S.C. § 1983 by violating their Fifth Amendment and Fourteenth Amendment rights.

2.     That the Sale scheduled for October 21, 2024 be stopped and enjoined.

3.     Award Plaintiff damages pursuant to 42 U.S.C. § 1986.

4.     Award Plaintiff its costs herein, including reasonable attorney fees pursuant to U.S.C. § 1988.

5.     Enter an amount after a hearing on the merits and trial by jury for compensatory and punitive damages against the Defendants based on Plaintiff's allegations in its Complaint; and

6.     Plaintiff also seeks such other, further, and different relief as to which they may be entitled.

Respectfully Submitted,

/s/ Florence A. Bowens
Florence A. Bowens
Attorney at Law

P.O. Box 51263
Durham, NC 27717
(919) 408-7174
fbowenslaw@gmail.com
Fax:(901) 525-3238