UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00912-FDW-SCR

| KB HOLDINGS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| KPLUXURY LLC, SHERIFF OF MECKLENBURG COUNTY, CLERK OF SUPERIOR COURT FOR MECKLENBURG COUNTY, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Emergency Motion for Immediate Injunctive Relief. (Doc. No. 4.) Plaintiff filed its motion on October 16, 2024, and in the motion, Plaintiff asks for a Temporary Restraining Order ("TRO"), (Id., p. 3), and a Preliminary Injunction, (Doc. No. 4-2, pp. 5–7). Plaintiff requests this relief be granted *ex parte*, and does not explain why notice should not be given to Defendants and what efforts, if any, it made to give notice to Defendants. (Doc. No. 4, p. 3.) Plaintiff's Motion is not supported by an affidavit. Also on October 16, 2024, Plaintiff filed an unverified Complaint. (Doc. No. 1.)

On the same day, the Clerk's office provided notice to Plaintiff's counsel that pursuant to Local Rule 83.1, any counsel not admitted in this District must associate local counsel and file appropriate motions to appear pro hac vice. (Text-Only Order, 10/16/2024.)[1] Plaintiff's filings were accepted through an administrative error in the courthouse. Plaintiff's counsel hand-delivered the Complaint and the motion, filed at 11:24 am and 2:45 pm, respectively. (Doc. Nos. 1, 4.)

---

[1] The Clerk's Office also attempted to contact Plaintiff's counsel by phone on October 16, 2024, to inform her of these requirements, but were unable to reach her.

1

Plaintiff's counsel is admitted to the North Carolina State Bar and has one censure against her. However, to date, Plaintiff's counsel is not admitted to this Court, still does not have a Case Management/Electronic Case Files ("CM/ECF") account, and local counsel has not entered an appearance.

The Court first addresses the TRO, which is governed by Federal Rule of Civil Procedure 65(b)(1):

> [Courts] may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. Plaintiff did not file an affidavit or verified complaint, and therefore because Plaintiff did not comply with the rules the Court cannot enter a TRO here.

The Court next turns to the Preliminary Injunction. An attorney who is not admitted to practice before the United States District Court of the Western District of North Carolina must apply for admission, which can be done through regular admission or *pro hac vice* motion. Local Civil Rule 83.3(a)–(b). The admission requirement "protects the citizens of this District from quality control problems enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline." Sneed v. Astrue, No. 1:09cv203, 2010 WL 5395785, at *3 (W.D.N.C. Dec. 22, 2010) (cleaned up). Sanctions may be appropriate when attorneys fail to follow local rules. See In re Dreamplay, Inc., 534 B.R. 106, 125 (Bankr. D. Md. 2015) (holding an out-of-state attorney in contempt despite his nonappearance in the litigation); see also Ricciani v. Marriot Int'l, Inc., No. 3:21-cv-00106-GCM, 2021 WL 5989020, at *2–3 (W.D.N.C. Dec. 17, 2021).

2

Here, the Court acknowledges Plaintiff's filings were mistakenly accepted by the Clerk's office. However, Plaintiff's counsel is not admitted to this Court, does not have local counsel, and does not have a CM/ECF account to timely receive notification of filed orders or hearing dates and times. Plaintiff's counsel has not complied with the Local Rules and as such Plaintiff's filings are not properly before this Court. Plaintiff's counsel must correct these errors before the Court can consider Plaintiff's motion for a Preliminary Injunction.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel must either apply for admission to this Court or obtain local counsel and seek *pro hac vice* admission. Plaintiff's counsel is further **ORDERED** to immediately register for CM/ECF e-filing access or link an existing account. Once Plaintiff's counsel complies with this Order, then the Court can address Plaintiff's motion for a Preliminary Injunction.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is directed to serve Defendant with a copy of the Complaint, (Doc. No. 1), Emergency Motion for Immediate Injunctive Relief, (Doc. No. 4), and this Order, immediately.

**IT IS SO ORDERED**.

Signed: October 17, 2024

Frank D. Whitney
United States District Judge